IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINO SOLORZANO-BETANCOURT )<br>aka Pablo Solorzano-Betancourt, )<br>aka Solorzano Betancourt Paulino )<br>aka Paulino Solorzano )<br>aka Pedro Rodriguez-Albarez )<br>aka Calletano Solorzano )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Respondent. )<br>_____) | NO. 1:06-CV-1121-AWI<br>(NO. 1:04-CR-05206-AWI)<br><br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, MODIFY,<br>OR SET ASIDE THE JUDGMENT<br><br>[28 U.S.C. § 2255] |

Petitioner Paulino Solorzano-Betancourt ("Petitioner") seeks relief under 28 U.S.C. section 2255 from a sentence of 63 months of imprisonment that was imposed by this court on September 7, 2004, following Petitioner's entry of a plea of guilty to violation of 8 U.S.C. 1326, Deported alien found in the United States. Petitioner's motion pursuant to 28 U.S.C. section 2255 (hereinafter the "2255 Motion") alleges that Petitioner should be given the opportunity for a drug program and reduction in sentence. For the reasons that follow, Petitioner's 2255 Motion will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner entered a plea of guilty to the charge of being a deported alien found in the United States, a felony, in violation of Title 8, U.S.C. section 1326, pursuant to a negotiated plea

agreement. Pursuant to the plea agreement, Petitioner agreed to waive rights under <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and to all the facts in the factual basis set forth in section V of the plea agreement, and admitted that he was previously convicted of a felony that is a drug trafficking offense within the meaning of U.S.S.G. § 2l1.2(b) (1) (A), and that a sixteen-level enhancement to the offense level is appropriate based upon this prior conviction. Petitioner agreed not to move for a downward departure of his sentence beyond that agreed to by the government under the terms of the plea agreement. The government, in return, agreed to a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16). The government agreed that Petitioner's offense level be adjusted downward an additional two levels for agreeing to an "early disposition" of the case, under U.S.S.G. § 5K3.1, without a trial and without filing any pretrial motions. The government recommended that Petitioner be sentenced at the low end of the applicable Guideline Range. The plea agreement also provided that Petitioner agreed not to contest his sentence in any post-conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. § 2255.

Petitioner was sentenced to a term of 63 months imprisonment on September 7, 2004, and judgment was entered on September 10, 2004. Petitioner filed this 2255 Motion on April 13, 2006.

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed

against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

**I.    Waiver**

As previously noted, Petitioner, through his plea agreement, waived his appellate rights as well as his right to collaterally attack his sentence or conviction.  The plea agreement states Petitioner "waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255."   Petitioner also acknowledged in the plea agreement that the waiver of rights to appeal and to collaterally attack the sentence or the conviction is in exchange for concessions made by the United States.

Generally, a waiver of the right to appeal or to collaterally attack a conviction or sentence is enforceable if "(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005).   However, the right to challenge the validity of the plea itself on the grounds the plea was not voluntarily made because of ineffective assistance of counsel is not waived. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005).  The waiver of rights contained in Petitioner's plea agreement to appeal or to collaterally attack the sentence, judgment or means of determination of the sentence is comprehensive.  In the plea agreement, Petitioner agreed to waive rights to appeal or to collaterally attack "on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever." Because the plea agreement is

comprehensive in its waiver of rights of appeal or collateral attack, the court lacks jurisdiction to address the merits of Petitioner's 2255 motion except to the extent the motion seeks to invalidate the plea agreement itself on the grounds of involuntariness and/or ineffective assistance of counsel.

Petitioner neither challenges the voluntariness of his plea nor the assistance of his counsel. As such, denial of this habeas corpus petition is appropriate.

## II.     Timeline

Section 2255 provides that the one-year statute of limitations begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies. In this case, Petitioner alleges no government-created impediment to bringing a section 2255, therefore no discussion is necessary as to the second of the possible starting points. Likewise, there is no claim of facts supporting the petition that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply. The third triggering event specified by section 2255 is not applicable because Petitioner does not assert a newly recognized right that has been made retroactive to cases on collateral review.

The court, having excluded all other possible starting points, concludes the first of the possible starting points for the running of the statute of limitations applies. The first of the possible starting points for the running of the statute of limitations states that the one-year statute begins to run on the date that the judgment becomes final. Section 2255 provides that a "1-year

4

period of limitations" applies, and run from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.  A defendant's conviction becomes final, when he does not seek an appeal, when the time to file the notice of appeal expires - that is, ten (10) days after the entry of judgment. See Fed.R.App.P. 4(b)(1)(A); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000). Defendant's judgment was filed on September 10, 2004, and his judgment became final on September 20, 2004, ten days later.  Thus, this action is filed outside the statute of limitations because it was filed on April 13, 2006, well over one year after Petitioner's conviction was filed on September 20, 2004.

**III.    Right to Post-Conviction Downward Departure**

The court briefly addresses Petitioner's claim only for the purpose of showing that Petitioner is not entitled to relief even in the absence of the waiver and statute of limitations.

Petitioner's 2255 Motion requests a post-sentencing downward departure because Petitioner is ineligible for pre-release custody credit for a drug treatment program.

The district court has authority to consider a downward departure on the ground of deportable alien status. United States v. Charry Cubillos, 91 F.3d 1342 (9th Cir.1996); United States v. Davoudi, 172 F.3d 1130 (9th Cir. 1999).  Sentencing courts have the discretion to depart downward pursuant to section 5K2.0 of the Sentencing Guidelines where particularized factual circumstances related to the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of the sentence.    United States v. Smith, 27 F.3d 649, 655 (D.C. Cir. 1994); see also, United States v. Rodriguez-Lopez, 198 F.3d 773, 777-778 (9th Cir. 1999) (holding sentencing court has discretion to depart downward pursuant to agreement to submit to deportation absent consent from Government).  The exercise of that discretion requires the consideration of the individual facts of the case in light of the Sentencing Guidelines taken as a whole to determine that the facts of the case result in a Guideline sentencing range that falls outside the "Guideline's heartland." United States v. Cubillos, 91 F.3d 1342, 1345 (9th Cir. 1996) (citing Koon v. United States, 518 U.S. 81 (1996)).

1    When the Petitioner's crime is one that necessarily involves an alien who is deportable, no departure is allowed. <u>United States v. Martinez-Ramos</u>, 184 F.3d 1055, 1058 (9th Cir. 1999). All defendants found guilty of being a deportable aliens are subject to the same sentencing constraints, and as such, there is no need to avoid unwarranted sentence disparities among defendants with similar records. <u>Id</u>.  Likewise, the Sentencing Commission by definition must have factored deportable alien status into the guidelines when the defendant's status as a deportable alien found in the United States without permission is the very thing being punished. <u>Id</u>.  Because Petitioner pled guilty to a violation of Section 1326, Deported alien found in the United States, no departure is available.

THEREFORE, in accord with the foregoing discussion, Petitioner's motion pursuant to 28 U.S.C., section 2255 to correct, amend or set aside the sentence is hereby DENIED. The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   December 17, 2008**              /s/ **Anthony W. Ishii**
                                                    CHIEF UNITED STATES DISTRICT JUDGE